

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-1997

# Queen Cty Pizza Inc v. Dominos Pizza Inc

Precedential or Non-Precedential:

Docket
96-1638

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Queen Cty Pizza Inc v. Dominos Pizza Inc" (1997). *1997 Decisions.* Paper 253.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 27, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-1638

QUEEN CITY PIZZA, INC.; THOMAS C. BOLGER; SCALE
PIZZA, INC.; BAUGHANS, INC.; CHARLES F. BUCK; F.M.
PIZZA, INC.; ROBERT S. BIGELOW; BLUE EARTH
ENTERPRISES, INC.; KEVIN BORES; DAVIS PIZZA
ENTERPRISES, INC.; DIANE A. DAVIS; FISHER PIZZA,
INC.; JAMES B. FISHER, JR.; SEPCO, INC.; S&S PIZZA
CORP.; G&L PIZZA CO.; STEPHEN D. GALLUP; LUGENT
PIZZA, INC.; JOSEPH J. LUGENT; BILLIO'S PIZZA, INC.;
WILLIAM J. MURTHA; SPRING GARDEN PIZZA, INC.;
BRAD L. WALKER; JRW PIZZA, INC.; JAMES R. WOOD,
Individually and as Class Representatives of a Class
Consisting of All Present and Certain Former Domino's
Franchisees in the United States; INTERNATIONAL
FRANCHISE ADVISORY COUNCIL, INC.

v.

DOMINO'S PIZZA, INC.

> Queen City Pizza, Inc.; Thomas C.
> Bolger; Scale Pizza, Inc.; Baughans,
> Inc.; Charles F. Buck; F.M. Pizza, Inc.;
> Robert S. Bigelow; Blue Earth
> Enterprises, Inc.; Kevin Bores; Davis
> Pizza Enterprises, Inc.; Diane A. Davis;
> Fisher Pizza, Inc.; James B. Fisher, Jr.;
> SEPCO, Inc.; S&S Pizza, Inc.; G&L
> Pizza, Inc.; Stephen D. Gallup; Lugent
> Pizza, Inc.; Joseph J. Lugent; Billio's
> Pizza, Inc.; William J. Murtha; Spring
> Garden Pizza, Inc.; Brad L. Walker;
> JRW Pizza, Inc.; James R. Wood; and
> International Franchise Advisory
> Council, Inc.,
>
> Appellants

(D.C. Civ. No. 95-cv-03777)

SUR PETITION FOR REHEARING

Present: SLOVITER, Chief Judge,

BECKER, STAPLETON, MANSMANN, GREENBERG,
SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS,
McKEE and LAY,* Circuit Judges

ORDER

The petition for rehearing filed by appellants in the
above-entitled case having been submitted to the judges
who participated in the decision of this Court and to all the
other available circuit judges of the circuit in regular active
service, and no judge who concurred in the decision having
asked for rehearing, and a majority of the circuit judges of
the circuit in regular service not having voted for rehearing,
the petition for rehearing by the panel and the Court in
banc, is denied. Chief Judge Sloviter and Judges Becker,
Mansmann, Nygaard and Roth would grant rehearing.

      BY THE COURT,

/s/ Anthony J. Scirica
Circuit Judge
Dated: October 27, 1997

_____

*The Honorable Donald P. Lay, United States Circuit Judge for the
Eighth Judicial Circuit, who sat by designation, as to panel rehearing
only.

BECKER, Circuit Judge, Statement Sur Denial of the Petition
for Rehearing.

The majority opinion's interpretation of the Supreme
Court's decision in Eastman Kodak Co. v. Image Technical
Servs., Inc., 504 U.S. 451 (1992) has serious consequences
for our future examination of franchisor/franchisee
relationships in the context of the antitrust laws. The
majority states that

> Kodak does not hold that the existence of information
> and switching costs alone, such as those faced by the
> Domino's franchisees, renders an otherwise invalid
> relevant market valid.

Queen City Pizza, Inc., et al. v. Domino's Pizza, Inc., No.
96-1638. Slip op. at 16. Instead the majority believes that
the ratio decidendi of the Kodak case is that the
aftermarket commodity or service alleged to constitute a
single brand market must be unique. Slip op. at 15-16.
When this view is combined with the majority's further
holding that uniqueness must come from the nature of the

product, not the franchise agreement, slip op. at 13-14, the result is that the franchisor/franchisee relationship is rendered virtually immune from antitrust scrutiny.

Judge Lay's splendid dissenting opinion fully exposes the flaws in the majority's relevant product market analysis, and I need not labor the point. I do, however, write separately to elucidate a concern about the majority's approach to antitrust policy in the franchising area that Judge Lay discusses only briefly, slip op. at 34-35, but which also strongly counsels that this case be heard en banc.

I have long believed that "The way you come out in [a] case depends on how you go in." See Larry Muko, Inc. v. Southwestern Pa. Bldg. & Constr. Trades Council, 609 F.2d 1368, 1377 (3d Cir. 1979)(Aldisert, J., dissenting). The majority's holdings stem, I believe, from how it has gone into the case, i.e. from the fact that the majority has bought into the oft-heard paeans of praise for franchising:

> Franchising is a bedrock of the American economy. More than one third of all dollars spent in retailing

> transactions in the United States are paid to franchise outlets. We do not believe the antitrust laws were designed to erect a serious barrier to this form of business organization.

Queen City Pizza, Inc., et al. v. Domino's Pizza, Inc., No. 96-1638. Slip op. at 18. It also has endorsed the questionable theory that the kind of tying arrangements involved here "are an essential and important aspect of the franchise form of business organization." Id. But these theories are also flawed.

I believe that the approach endorsed by the majority might have been acceptable two decades ago, see Ungar v. Dunkin' Donuts, 531 F.2d 1211 (3d Cir. 1976), when franchising was in its nascent, or at least its growing stage. But now the food franchisors are leviathans, and I am underwhelmed by the suggestion that they may be permitted with impunity to perpetuate the type of arrangements pled in the complaint. These arrangements are clearly quite onerous to the average franchisee, a relatively small business person whose sunk costs in the franchise represent all or most of his or her assets and who lacks the considerable resources necessary to switch or defranchise. Moreover, the amount of commerce that the franchisors are foreclosing in the tied product market -- for

the pizza sauce, flour and other supplies (for which non-franchisor dominated suppliers, be they individualfirms or a franchise cooperative, could easily meet quality control specifications) is enormous.

Additionally, to the extent that the plaintiffs have alleged coercion in connection with their acceptance of a burdensome tie, a Rule 12(b)(6) dismissal would be inconsistent with Ungar. Indeed, even if the majority's legal position is correct, it can only be sustained if it were an affirmance of a summary judgment on a full record, which is how the opinion seems to read. It can not stand under its actual procedural status -- review of a Rule 12(b)(6) dismissal.

For all the foregoing reasons, I dissent from the denial of rehearing en banc.

A True Copy:
Teste:

     Clerk of the United States Court of Appeals
     for the Third Circuit